UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DONALD E. MASSEY, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | CASE NO. 1:05-cv-1061-DFH-TAB |
| v. | ) | CASE NO. 1:05-cv-1304-DFH-TAB |
| | ) | |
| BAKER O'NEAL HOLDINGS, INC. and | ) | |
| AMERICAN PUBLIC AUTOMOTIVE | ) | |
| GROUP, INC., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

ENTRY DISMISSING BANKRUPTCY APPEALS

These two cases are appeals from orders of the United States Bankruptcy Court. Both appeals arise from appellant Donald E. Massey's third attempt to assert a right of set-off against the appellee-debtors. The appellee-debtors won a judgment against Massey for $2.5 million plus interest based on theories of fraudulent conveyance and unjust enrichment. The judgment establishing that right of recovery against Massey was affirmed by the Seventh Circuit in *Baker O'Neal Holdings, Inc. v. Massey*, 403 F.3d 485 (7th Cir. 2005), on the ground of unjust enrichment, without reaching the question of fraudulent conveyance.

After Massey decided not to ask the Supreme Court to review the judgment further, he filed in the bankruptcy court a "Motion for Setoff" seeking to set-off a $1 million claim by Massey Enterprises, Inc. (not Mr. Massey as an individual)

against the debtors' judgment for unjust enrichment against Mr. Massey as an individual.  He also sought to prevent execution of the judgment, and he sought to have the judgment amended to reflect what he said was the Seventh Circuit's opinion affirming the judgment.  On July 19, 2005, the bankruptcy court granted the debtors' motion to execute on the supersedeas bond, denied Massey's motion to stay the judgment, and denied the motion to amend the judgment.  The appeal of that order is docketed as No. 1:05-cv-1061.   On July 29, 2005, the bankruptcy court entered detailed findings of fact and conclusions of law and issued a final and appealable order denying the Motion for Setoff.  The appeal of that order is docketed as No. 1:05-cv-1304.

The appellees (debtors Baker O'Neal Holdings, Inc. and American Public Automotive Group, Inc.) have moved to dismiss both appeals.  They also want the court to order Massey to show cause why he should not be held in contempt of court.  Massey has filed a motion for a stay pending appeal.  Massey has paid the judgment of $2.5 million plus interest, but his motion for stay seeks to prevent distribution to creditors of the $1 million that he seeks to have returned as a set-off.  At Massey's request, the court stayed briefing on the merits of the appeals pending a decision on the motion to dismiss, but after Massey had filed his briefs on the merits in both appeals, so his arguments are matters of record.  The motion for a finding of contempt and the motion for stay are also ripe for decision.

For reasons explained below, the court (a) dismisses the appeals, (b) denies Massey's motion for a stay pending appeal, and (c) orders Massey to show cause why the court should not impose sanctions under Rule 11 of the Federal Rules of Civil Procedure and Bankruptcy Rule 9011 for frivolous litigation of issues that were resolved long ago. See *Brooks v. Allison Division of General Motors Corp.*, 874 F.2d 489, 490 (7th Cir. 1989) (dismissing frivolous appeal under Appellate Rule 38); *Crowley Cutlery Co. v. United States*, 849 F.2d 273, 276-78 (7th Cir. 1988) (affirming dismissal of frivolous case on jurisdictional grounds). The court declines to enter an order to show cause why Massey should not be held in contempt of court.

The debtors' claim against Massey as an individual arose from a payment of $2.5 million that American Public Automotive Group, Inc. made to Massey shortly after Massey and James O'Neal signed a one-page document purporting to be an agreement for a $300 million sale of auto dealerships. Within days after filing the Chapter 11 petitions in 1998, the debtors filed an adversary proceeding against Massey as an individual seeking return of the $2.5 million payment. The bankruptcy court, this court, and the Seventh Circuit all found (a) that the document was too vague to create a binding contract and (b) that allowing Massey to keep the $2.5 million initial payment would amount to unjust enrichment. See *Baker O'Neal Holdings*, 403 F.3d at 488-89.

The subject of Mr. Massey's attempted set-off is a separate transaction, one in which not Mr. Massey but a distinct corporation he owns, Massey Enterprises, Inc. ("MEI"), loaned $1 million to Baker O'Neal Holdings, Inc. and to James O'Neal individually in June 1998, shortly before the Chapter 11 petitions were filed.  MEI filed a proof of claim in the Chapter 11 proceedings on August 19, 1999.  The debtors have not contested the claim.  The debtors have tendered a check to MEI for approximately $93,000, or about nine cents on the dollar, as the pro rata share of assets available to pay that unsecured debt as part of the bankruptcy proceeding.

*Discussion*

These appeals must be dismissed as frivolous and untimely because Massey's attempt to assert the set-off came much too late, after Massey and MEI had participated in proceedings that expressly cut off any right to bring future claims for set-off.

First, back in 2000, both Massey and MEI agreed to the terms of the debtors' Chapter 11 reorganization plan that expressly enjoined them from asserting any set-off.  Section 12.3 of the plan provided:

> *Injunction* Commencing on the Confirmation Date but subject to the occurrence of the Effective Date, all persons who hold or who have held a Claim or Interest in the Debtor shall be permanently enjoined from commencing or continuing any action, employment of process, or act to collect, offset, avoid or recover any Claim against the Debtor or the Plan

Committee, and all other parties against whom any Claim is discharged or released pursuant to sections 12.1 or 12.2 of this Plan or otherwise.

On February 23, 2000, that plan was entered as a final judgment of the bankruptcy court. Specifically, the Confirmation Order provided in Paragraphs 5(f) and 5(k):

> [A]ll creditors and equity holders of the Debtors whose Claims or Interest are discharged or whose rights and interests are terminated by the Plan and this Order are hereby jointly and severally restrained and enjoined from commencing or continuing any action, employment of process, or act to collect or recover from or offset against the Debtors or any property of the Debtors to the extent any such preconfirmation Claim or Interest is discharged, waived, or released hereunder, under any orders of this Court, the Bankruptcy Code and/or the Plan, all subject to the claims resolution provisions of the Plan.

> *   *   *

> All persons who hold or who have held a Claim or Interest in the Debtor shall be permanently enjoined from commencing or continuing any action, employment of process, or act to collect, offset, avoid or recover any Claim against the Debtor or the Plan Committee, and all other parties against whom any claim is discharged or released pursuant to Sections 12.1 or 12.2 of the Plan or otherwise.

Massey and MEI did not object to these provisions, and they did not appeal the Confirmation Order.

This record establishes beyond dispute that Massey is no longer entitled to assert the right to set-off that he asserts in this appeal. First, this effort is flatly prohibited by a permanent injunction to which Massey and MEI were both parties, the Confirmation Order of February 23, 2000.

To avoid this conclusion, Massey argues that rights of set-off survive confirmation of a reorganization plan under Chapter 11, which is an issue that has divided federal courts *when the reorganization plan is silent on the question of set-off*.  Massey relies on the leading case of *In re DeLaurentiis Entertainment Group, Inc.*, 963 F.2d 1269, 1274-77 (9th Cir. 1992), where the Ninth Circuit held that set-off rights survived confirmation of a plan.  The court noted the tension between 11 U.S.C. § 1141, which provides for discharge of claims upon confirmation of a plan, and 11 U.S.C. § 553, which provides in relevant part that Title 11 "does not affect any right of a creditor to offset a mutual debt . . . ."  There was no indication in the *DeLaurentiis* court's opinion that the debtor's reorganization plan had addressed the issue of set-offs.  In the face of that silence, the Ninth Circuit concluded that the right of set-off was so important and so well established that § 1141 had not reversed the long-standing presumption that it would survive.  963 F.2d at 1277.  Accord, *United States v. Munson*, 248 B.R. 343, 346 (C.D. Ill. 2000) (following *DeLaurentiis* where confirmed plan was silent on issue of set-off); *In re Bare*, 284 B.R. 870, 874-75 (Bankr. N.D. Ill. 2002) (same).  Massey describes his position as the majority position, citing *In re Continental Airlines*, 134 F.3d 536 (3d Cir. 1998), as a decision on the other side of the issue.  The Third Circuit held that where a confirmed reorganization plan did not expressly preserve set-off rights, those rights did not survive confirmation of the plan.  134 F.3d at 541.  In *Continental Airlines*, the Third Circuit distinguished *DeLaurentiis* on the ground that the creditor in *Continental Airlines* (the United

-6-

States government) had not filed a timely proof of claim or sought relief from the automatic bankruptcy stay before plan confirmation.[1]

Massey's attempt to portray the decisive issue as one that has divided federal courts is an understandable tactic, but he has completely missed the applicable point. He relies on cases in which the reorganization plans were *silent* on the issue of set-off. In light of the uncertainty resulting from the tension between the lines of cases, though, parties may seek to remove the uncertainty by ensuring that a confirmed plan addresses the question directly. Thus, the confirmed plan in this case expressly prohibited later assertion of set-offs by parties to the plan. The bankruptcy court's order confirming the plan included an injunction against assertion of set-offs by those parties, who included both Massey and MEI.

In cases where confirmed plans included injunctions against set-offs, similar to the injunction here, courts have consistently distinguished the *DeLaurentiis* line of cases on precisely this basis. *E.g.*, *Daewoo Int'l (America) Corp. Creditor Trust v. SSTS Am. Corp.*, 2003 WL 21355214, at *4-5 (S.D.N.Y. June 11, 2003) (distinguishing *DeLaurentiis* and *Bare* because they did "not involve a confirmation order which specifically prohibits the assertion of a setoff or recoupment claim against the debtor . . . ."); *In re Twins, Inc.*, 318 B.R. 90, 95-96

---

[1]The Supreme Court has expressly declined to decide whether a similar confirmation of a Chapter 13 plan bars the exercise of a set-off. *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 21 n.* (1995) (issue not raised by parties).

(Bankr. D.S.C. 2004); *In re Lykes Bros. Steamship Co.*, 217 B.R. 304, 310-11 (Bankr. M.D. Fla. 1997); *United States I.R.S. v. Driggs*, 185 B.R. 214, 215 (D. Md. 1995).   Massey has not cited to the bankruptcy court or to this court any authority to the contrary where, as in this case, a confirmed plan expressly prohibited assertion of set-offs.

These decisions enforcing express prohibitions on set-offs in confirmed plans are consistent with the general and well established principle that a party must obey a court's injunction even if the injunction was issued erroneously. *Walker v. City of Birmingham*, 388 U.S. 307 (1967) (affirming criminal contempt sanctions for violations of *ex parte* temporary restraining order that was almost certainly an unconstitutional restriction on free speech).

The Confirmation Order's prohibition on this attempted set-off would provide a sufficient basis for dismissing these appeals.  But that is not all.  These appeals involve what is actually Massey's third effort to assert a set-off in violation of the Confirmation Order.  Both of the first two efforts were rejected by the courts in decisions that are no longer open to further review.   As a result, Massey's assertion of a set-off is barred by the doctrines of *res judicata* and/or collateral estoppel.

The first effort was Massey's filing of his own adversary action against the debtors on October 3, 2002.  Massey filed a complaint under Adversary Proceeding

No. 02-531 against Baker O'Neal Holdings, Inc. and American Public Automotive Group, Inc.  He described the claim as "in the nature of setoff."  The debtors asserted by way of defense that Massey's assertion of the claim violated the injunction in the Confirmation Order.  The bankruptcy court found that Massey's filing of the adversary proceeding was a violation of the discharge under 11 U.S.C. § 524 and the February 23, 2000 Confirmation Order.  See Docket No. 34, Ex. C. The bankruptcy court dismissed the adversary proceeding and imposed sanctions of nearly $10,000 against Massey.  Massey did not appeal the dismissal or the sanctions.[2]

The second effort occurred in the debtors' adversary proceeding against Massey for the $2.5 million payment.  Massey's original answer did not assert any counterclaim or right of set-off based on the MEI loan to the debtors.  After the bankruptcy court had granted summary judgment in part in favor of the debtors, and just before trial on the unjust enrichment count, Massey sought leave to amend his answer and affirmative defenses to assert a counterclaim for promissory estoppel and to assert affirmative defenses of set-off and recoupment. The bankruptcy court denied that motion on November 13, 2002.  On appeal of the adverse judgment in the adversary proceeding, Massey argued that the bankruptcy court had abused its discretion in denying the motion to amend the pleadings.  This court rejected that attack on the judgment.  Massey appealed the

---

[2]The key documents related to this episode are included in the attachments filed in Docket No. 9 in Case No. 1:05-cv-1061.

judgment to the Seventh Circuit, but he did not seek further review of that denial of his motion for leave to amend his pleadings.

The federal standard for *res judicata* requires a showing of three elements: "(1) an identity of the parties or their privies; (2) an identity of the causes of action; and (3) a final judgment on the merits." *Andersen v. Chrysler Corp.*, 99 F.3d 846, 852 (7th Cir. 1996). With respect to both of Massey's earlier attempts to assert set-offs, the identity of parties and the final judgment on the merits are clear. See *LeBeau v. Taco Bell, Inc.*, 892 F.2d 605, 607 (7th Cir. 1989) (when involuntary dismissal does not provide otherwise, dismissal is with prejudice).

Massey argues there was not an identity of causes of action because both of the earlier efforts attempted to assert set-offs based on a theory of promissory estoppel and had nothing to do with MEI's $1 million loan to O'Neal and to Baker O'Neal Holdings, Inc. The bankruptcy court concluded that Massey was not entitled to split different pre-petition claims into separate set-off actions. July 29, 2005 Order at 17, ¶ 8. It is well established that a party cannot avoid the doctrine of *res judicata* by asserting a different legal theory arising from the same facts that were adjudicated before. *E.g.*, *Brzostowski v. Laidlaw Waste Systems, Inc.*, 49 F.3d 337, 339 (7th Cir. 1995).

This court agrees that *res judicata* applies to these multiple efforts to assert set-offs. Even if the earlier attempts to assert set-offs were deemed to be causes

of action different from the $1 million loan from MEI, the doctrine of collateral estoppel or issue preclusion would still bar these efforts. "Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979) (distinguishing between res judicata and collateral estoppel). Under the doctrine of collateral estoppel or issue preclusion, an issue may not be litigated if the following conditions are met: "(1) the issue sought to be precluded is the same as that involved in a prior action; (2) the issue was actually litigated; (3) the determination of the issue was essential to the final judgment; and (4) the party against whom estoppel is invoked was represented in the prior action." *Adair v. Sherman*, 230 F.3d 890, 893 (7th Cir. 2000) (applying doctrine in bankruptcy case to bar debtor's post-confirmation attempt to assert set-off against creditor's allowed claim); *La Preferida, Inc. v. Cerveceria Modelo*, 914 F.2d 900, 905-06 (7th Cir.1990).

All four criteria are satisfied here even if *res judicata* did not apply. (1) In the first attempt to assert a set-off, in the adversary proceeding that Massey filed, the issue squarely before the bankruptcy court was whether the Confirmation Order prohibited Massey from asserting a set-off against the debtors — precisely the same issue presented in these appeals. (2) The issue was actually litigated. Massey argued that the *DeLaurentiis* case should allow him to pursue the set-off. Docket No. 9, Att. 2. The bankruptcy court decided the issue, holding that the

-11-

Confirmation Order did in fact prohibit the attempted set-off. (3) The determination was essential to the dismissal; it was the foundation for that dismissal. And Massey did not appeal from that decision. (4) Finally, Massey argued the issue in both proceedings.

The doctrines of *res judicata* and collateral estoppel apply even if the underlying judgment or decision was erroneous. The whole point of the doctrines, after all, is to prevent re-litigation of claims and issues that have already been litigated. In saying this, the court does not mean to suggest that the bankruptcy court erred in any respect in handling these matters; quite the contrary. Instead, the decisive point is that the time for debate about the merits of those decisions barring Massey's efforts to assert a set-off has passed long ago.

In short, Massey's attempt to assert a set-off in 2005 is (a) still prohibited by the terms of the bankruptcy court's Confirmation Order of February 23, 2000 and (b) barred by the doctrines of *res judicata* and collateral estoppel based on (1) the same Confirmation Order, (2) the bankruptcy court's dismissal in 2003 of Massey's independent claim in the adversary proceeding he filed himself, and (3) the final rejection of his attempt to amend pleadings in the debtors' unjust enrichment adversary proceeding against him. These bars to this latest attempt

are so clear that these appeals are frivolous and therefore should be dismissed without further ado.[3]

The court finds that the efforts by Massey and his attorneys to pursue the asserted set-off after May 12, 2005 may violate Rule 11(b)(1) and (b)(2) of the Federal Rules of Civil Procedure and the corresponding provisions of Bankruptcy Rule 9011.  The court therefore ORDERS  Massey and the attorneys and law firms who have appeared for him in the bankruptcy court and this court after May 12, 2005 to show cause **no later than April 30, 2006** why the court should not impose monetary sanctions and/or other sanctions under Rule 11 and Bankruptcy Rule 9011.  Appellees may file a response no later than 30 days later. If any party, attorney, or law firm seeks a hearing on the question, a request to that effect should be filed.

The court has carefully considered the appellees' suggestion that Massey should be held in contempt of court for violating the terms of the Confirmation Order.  The court has decided not to issue an order to show cause on the issue of contempt, for two principal reasons.  First, Massey actually paid the judgment of more than $3.5 million on July 22, 2005.  Second, Massey presented the set-off issue to the bankruptcy court that had issued the order.  He and his counsel did

---

[3]The bankruptcy court issued a detailed order explaining a number of other reasons why the set-off could not be allowed, including the lack of identity between Massey and MEI, judicial estoppel, the joint character of the obligation to MEI, waiver, law of the case, and laches.

not unilaterally act in some other forum.  They went to the source of the original order and asked permission.  The request may have been frivolous and may have been for an improper purpose, but asking the issuing court for permission did not show contempt for that court.  Also, if the request was in fact frivolous or for an improper purpose, remedial sanctions under Rule 11 should be sufficient to protect the interests of the appellees.

Massey also argues in No. 1:05-cv-1061 that the judgment principal of $2.5 million should have been reduced by $32,000, and interest recalculated accordingly.  The basis for this argument is that the bankruptcy court allowed Massey to reduce the $2.5 million unjust enrichment claim by $32,000 to adjust for accounting expenses that MEI incurred in connection with efforts to follow through on the one-page agreement for the $300 million sale of dealerships.  The bankruptcy court had not made such an adjustment on the fraudulent conveyance theory.  This court affirmed as to both theories and entered judgment in the higher amount, $2.5 million, plus interest.  The Seventh Circuit affirmed the judgment.   Its opinion bypassed the fraudulent conveyance claim and addressed only the unjust enrichment theory.  Massey asked the bankruptcy court, and now this court, to reduce the amount of the adjustment to reflect the smaller amount originally determined due for unjust enrichment.  He argues that the "law of the case" means any recovery must be limited to the unjust enrichment amount.

The problem with this argument is that the Seventh Circuit affirmed the judgment. That's what the mandate says. If Massey believed the Seventh Circuit erred in affirming the judgment without noting the difference between the two theories, he had available the remedy of a petition for rehearing. (In fact, he used that procedure to seek *en banc* review of the panel's application of Michigan law to the one-page document asserted to be a binding agreement to sell unspecified auto dealerships for an uncertain amount of money.) He did not use the remedy to seek a change in the mandate. This court does not have the authority to revisit those issues and to change the Seventh Circuit's mandate. Moreover, the Seventh Circuit did not disagree with the bankruptcy court's or this court's decisions on the fraudulent conveyance theory; it simply elected not to reach those issues.

Finally, also pending is Massey's motion for a stay pending appeal that would prevent the distribution of the $1 million that he seeks in set-off. No stay has been in place for several months, but no party has suggested to the court that the amount has been distributed so as to moot the issue. For the reasons discussed above, the appeals are frivolous and do not justify a further stay or delay in distribution to the creditors. See *Hinrichs v. Bosma*, 440 F.3d 393, 396 (7th Cir. 2006) (denying stay pending appeal based on poor prospects for success on merits), citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). That motion is hereby denied.

Final judgment dismissing the appeals shall be entered. The court retains jurisdiction over the Rule 11 issues. See *Willy v. Coastal Corp.*, 503 U.S. 131, 137-38 (1992) (affirming Rule 11 sanction imposed after dismissal of underlying case for lack of subject matter jurisdiction); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395-96 (1990) (affirming Rule 11 sanction imposed against plaintiffs and their attorneys after voluntary dismissal of underlying case).[4]

So ordered.

Date: March 31, 2006

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Michael Nathaniel Beekhuizen
CARPENTER & LIPPS LLP
beekhuizen@carpenterlipps.com

Jason R. Burke
HOPPER & BLACKWELL
jburke@hopperblackwell.com

James Dimos
LOCKE REYNOLDS LLP
jdimos@locke.com

George W. Hopper
HOPPER & BLACKWELL
ghopper@hopperblackwell.com

---

[4]The "safe harbor" amendment to Rule 11 modified the ruling of *Cooter & Gell* in part, but the amendment did not affect the point that is relevant here. See *De La Fuente v. DCI Telecomms., Inc.*, 259 F. Supp. 2d 250, 257 n.4 (S.D.N.Y. 2003), *aff'd in relevant part*, 82 Fed. Appx. 723 (2d Cir. 2003).

-16-

Andrew W. Hull
HOOVER HULL LLP
awhull@hooverhull.com

Jeffrey Alan Lipps
CARPENTER & LIPPS LLP
lipps@carpenterlipps.com

Melanie D. Margolin
LOCKE REYNOLDS LLP
mmargolin@locke.com

Sean T. White
HOOVER HULL LLP
swhite@hooverhull.com